STATE OF ILLINOIS
IN THE CIRCUIT COURT OF THE THIRD JUDICIAL CIRCUIT
MADISON COUNTY

| | | |
|---|---|---|
| ALEX WOMACK and AMY WOMACK, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| -vs.- | ) | NO. 19-L-1043 |
| | ) | |
| KYAMRAN MAKHARADZE; MERIX | ) | |
| ESPEDITED SERVICES, LLC; GREAT LAKES | ) | |
| TRANSPORT SOLUTION, LLC; and | ) | |
| GILSTER-MARY LEE CORPORATION, | ) | |
| | ) | |
| Defendants. | ) | |

**EXHIBIT 1**

**DEFENDANT:**    **GREAT LAKES TRANSPORT SOLUTION, LLC,** c/o President Eric Schnirel, 4256 Ridge Lea Road, #102, Amherst, NY 14226

You are hereby summoned and required to file an answer in this case, or otherwise file your appearance, in the office of the clerk of this court, within 30 days after service of this summons, exclusive of the day of service.  If you fail to do so, a judgment or decree by default may be taken against you for the relief prayed in the complaint.

This summons must be returned by the officer or other person to whom it was given for service, with endorsement thereon of service and fees, if any, immediately after service.  If service cannot be made, this summons shall be returned so endorsed.

This summons may not be served later than 30 days after its date.

7/29/2019
**/s/ Mark Von Nida**
**Clerk of the Circuit Court**

/s/ Ashley Clayton



(Plaintiff's attorney or plaintiff if he is not represented by an attorney)
THE GORI LAW FIRM, P.C.
Attorneys for Plaintiff
156 N Main St
Edwardsville, IL 62025 (618) 659-9833

Date of Service: _____, 2019.
(To be inserted by officer on the copy left with the defendant or other person)

19-L-1043

STATE OF ILLINOIS     )
                          ) ss.
COUNTY OF MADISON   )

       I, _____, Special Process Server, a private person over the age of twenty-one (21) and not a party to this action, have duly served the within summons on the defendant, **GREAT LAKES TRANSPORT SOLUTION, LLC,** by hand-delivering a copy thereof to c/o President Eric Schnirel, 4256 Ridge Lea Road, #102, Amherst, NY 14226, on the _____ day of _____, 2019.

       Dated this _____ day of _____, 2019.

                                       _____
                                       SPECIAL PROCESS SERVER

***EFILED***
Case Number 2019L 001043
Date: 7/25/2019 12:12 PM
Mark Von Nida
Clerk of Circuit Court
Third Judicial Circuit, Madison County Illinois

IN THE CIRCUIT COURT
THIRD JUDICIAL CIRCUIT
MADISON COUNTY, ILLINOIS

ALEX WOMACK and AMY WOMACK,　　　　)　　　　　2019L 001043
　　　　　　　　　　　　　　　　　　　　　　　　)
　　　　Plaintiffs,　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　　　　)
vs.　　　　　　　　　　　　　　　　　　　　)　　Case No.: 2019-L-
　　　　　　　　　　　　　　　　　　　　　　　　)
KYAMRAN MAKHARADZE; MERIX　　　　　　)
EXPEDITED SERVICES, LLC; GREAT LAKES　)
TRANSPORT SOLUTION, LLC; and　　　　　　)
GILSTER-MARY LEE CORPORATION,　　　　　)
　　　　　　　　　　　　　　　　　　　　　　　　)
　　　　Defendants.　　　　　　　　　　　　)

## **COMPLAINT**

### **General Allegations**

COMES NOW, the Plaintiffs, ALEX and AMY WOMACK, by and through their

attorneys, THE GORI LAW FIRM, P, C., and for their General Allegations of their Complaint

against the Defendants, respectfully state as follows:

1.　　　　That Plaintiffs Alex and Amy Womack reside as a married couple in Glen

Carbon, Madison County, Illinois.

2.　　　　Defendant KYAMRAN MAKHARADZE, is an individual that, upon information

and belief, resides in St. Louis, MO, and at all times was an agent and/or employee of Defendant

MERIX EXPEDITED SERVICES, LLC.

3.　　　　That Defendant MERIX EXPEDITED SERVICES, LLC is a Missouri Limited

Liability Company with its principal place of business located in St. Louis, MO, and operates as

a transportation and trucking company, DOT# 3412073.

4.      Defendant GREAT LAKES TRANSPORT SOLUTION, LLC, is a New York Limited Liability Company with its principal place of business located in Amherst, NY, and operates as a transportation logistics company and broker, DOT# 2827167.

5.      Defendant GILSTER-MARY LEE CORPORATION is a Missouri corporation with its principal place of business and headquarters in Chester, Randolph County, IL and operates as a food service, manufacturing and transportation/shipping company, DOT# 73575.

6.      That on March 20, 2019, Plaintiff ALEX WOMACK was working as an Illinois State Trooper and was responding to an accident on U.S. Interstate Highway 55 northbound at or near milepost 9.4 at approximately 10:53pm, in Madison County, Illinois.

7.      That at said time and place, Plaintiff ALEX WOMACK's police vehicle was sitting stationary in the far-right lane with its emergency lights activated to block traffic from a downed light pole on the Interstate.

8.      That at said time and place, Plaintiff ALEX WOMACK was on foot at the shoulder of the Interstate 55, north of his police vehicle.

9.      That at said time and place, Defendant KYAMRAN MAKHARADZE, was a truck driver and agent and/or employee, and driving under the D.O.T Authority of Defendant MERIX EXPEDITED SERVICES, LLC, and was the operator of a 2018 Freightline Cascadia semi-tractor northbound near mile marker 9.4 on U.S. Interstate Highway 55 northbound, and at all times acting within the scope of his agency, authority, and/or employment and for the benefit and interests of Defendant MERIX EXPEDITED SERVICES, LLC.

10.     That at said time and place, Defendant KYAMRAN MAKHARADZE, as agent and/or employee of Defendant MERIX EXPEDITED SERVICES, LLC crashed his 2018 Freightliner into the rear of the police vehicle of ALEX WOMACK.

11.    The impact between the 2018 Freightliner and police vehicle propelled the police vehicle into the body of Illinois State Trooper and Plaintiff ALEX WOMACK.

**COUNT I**
**(ALEX WOMACK – NEGLIGENCE – KYAMRAN MAKHARADZE)**

12.    Plaintiff realleges and restates paragraphs 1-11 of the General Allegations as if fully stated herein verbatim.

13.    That it was the duty of the Defendant KYAMRAN MAKHARADZE, as agent and/or employee of co-defendant MERIX EXPEDITED SERVICES, LLC, to operate the 2018 Freightliner Cascadia semi-tractor in a safe and reasonable manner and to exercise a reasonable duty of care to the traveling public and persons on the interstate, including Illinois State Trooper ALEX WOMACK.

14.    That at said time and place, Defendant KYAMRAN MAKHARADZE, as agent and/or employee of co-defendant MERIX EXPEDITED SERVICES, LLC, negligently and carelessly committed one or more of the following negligent acts or omissions to wit:

     a.    Failed to yield, make a lane change, and/or decrease his speed in violation of 907(c) of the Illinois Vehicle Code, 625 ILCS 5/11-907(c), otherwise known as "Scott's Law".

     b.    Failed to operate his vehicle in a safe and proper manner;

     c.    Failed to keep a proper lookout;

     d.    Proceeded at a speed which was greater than reasonable and proper with regard to traffic conditions at the time or which endangered the safety of persons or property in violation of Section 11-601 of the Illinois Vehicle Code, 625 ILCS 5/11-601;

e.   Failed to decrease his speed, stop, or swerve so as to avoid colliding with Plaintiff's vehicle and Plaintiff in violation of Section 11-601 of the Illinois Vehicle Code, 625 ILCS 5/11-601;

f.   Operated the tractor trailer without adequate training and experience;

g.   Operated his vehicle while under the influence of drugs, intoxicating substances, or compounds in violation of Section 11-501 of the Illinois Vehicle Code, 625 ILCS 5/11-501.

h.   Operated his vehicle while under the influence of drugs or substances which rendered him incapable of safely operating a motor vehicle, in violation of Federal Motor Carrier Safety Regulation 49 C.F.R. 392.4;

i.   Operated his commercial motor vehicle while his ability or alertness is so impaired or so likely to become impaired, through fatigue, illness, or any other cause, as to make it unsafe for him/her to begin or continue to operate a motor vehicle in violation of Federal Motor Carrier Safety Regulation 49 C.F.R. 392.3;

j.   Failed to operate his vehicle in violation of 49 C.F.R. 392.2;

k.   Operated a commercial motor vehicle when he was not qualified to do so in violation of Federal Motor Carrier Safety Regulation 49 C.F.R. 391.11, and;

l.   Operated a commercial motor vehicle when he was not medically certified and physically qualified to do so, in violation of Federal Motor Carrier Safety Regulation 49 C.F.R. 391.41.

15.   That as a direct and proximate result of one or more or all of the foregoing negligent acts, omissions, or violations by the Defendant KYAMRAN MAKHARADZE, the

Plaintiff ALEX WOMACK was severely injured when he was stuck by his police vehicle,
causing Plaintiff to sustain severe and permanent injuries to wit: injuries to the muscles, tendons,
ligaments, nerves, soft tissues, vertebrae, joints, and discs of the spine, neck and back;  injuries to
his right lower extremity and knee; injuries to his left upper extremity and shoulder; and injuries
to his body; that Plaintiff has sustained pain and suffering in the past, and is reasonably certain to
experience pain and suffering in the future as a result of said injuries; that Plaintiff has incurred
permanent disfigurement and disability resulting from said injuries; that Plaintiff has lost and
will continue to lose large sums of money from his usual occupation; that Plaintiff has sustained
a permanent impairment of his earning capacity; that Plaintiff has become obligated in the past
for medical expenses resulting from her injuries and will be obligated in the future to expend
large sums of money for necessary medical care, treatment and services; all to Plaintiff's
damages.

        WHEREFORE, the Plaintiff ALEX WOMACK prays for judgment against the
Defendant KYAMRAN MAKHARADZE, in an amount in excess of fifty thousand dollars
($50,000.00); costs of suit; prejudgment and post judgment interest; and all other relief this Court
deems just and proper.


## COUNT II
## (ALEX WOMACK – RESPONDEAT SUPERIOR – MERIX EXPEDITED SERVICES, LLC)

        16.     Plaintiff realleges and restates paragraphs 1-11 of the General Allegations as if
fully stated herein verbatim.

17.     That codefendant KYAMRAN MAKHARADZE was operating the 2018 Freigtliner Cascaia semi-tractor at the direction, authority, and control of MERIX EXPEDITED SERVICES, LLC, and within the course and scope of his employment/agency.

18.     That it was the duty of the Defendant, MERIX EXPEDITED SERVICES, LLC, acting by and through its agents and employees, including co-defendant KYAMRAN MAKHARADZE, to operate the 2018 Freightliner Cascadia semi-tractor in a safe and reasonable manner and to exercise a reasonable duty of care to the traveling public and persons on the interstate, including Illinois State Trooper ALEX WOMACK.

19.     That at said time and place, Defendant MERIX EXPEDITED SERVICES, LLC, acting by and through its agents and employees, negligently and carelessly committed one or more of the following negligent acts or omissions to wit:

   a.   Failed to yield, make a lane change, and/or decrease his speed in violation of 907(c) of the Illinois Vehicle Code, 625 ILCS 5/11-907(c), otherwise known as "Scott's Law".

   b.   Failed to operate his vehicle in a safe and proper manner;

   c.   Failed to keep a proper lookout;

   d.   Proceeded at a speed which was greater than reasonable and proper with regard to traffic conditions at the time or which endangered the safety of persons or property in violation of Section 11-601 of the Illinois Vehicle Code, 625 ILCS 5/11-601.

   e.   Failed to decrease his speed, stop, or swerve so as to avoid colliding with Plaintiff's vehicle and Plaintiff in violation of Section 11-601 of the Illinois Vehicle Code, 625 ILCS 5/11-601.

f.   Operated the tractor trailer without adequate training and experience;

g.   Operated his vehicle while under the influence of drugs, intoxicating substances, or compounds in violation of Section 11-501 of the Illinois Vehicle Code, 625 ILCS 5/11-501.

h.   Operated his vehicle while under the influence of drugs or substances which rendered him incapable of safely operating a motor vehicle, in violation of Federal Motor Carrier Safety Regulation 49 C.F.R. 392.4;

i.   Operated his commercial motor vehicle while his ability or alertness is so impaired or so likely to become impaired, through fatigue, illness, or any other cause, as to make it unsafe for him/her to begin or continue to operate a motor vehicle in violation of Federal Motor Carrier Safety Regulation 49 C.F.R. 392.3;

j.   Failed to operate his vehicle in violation of 49 C.F.R. 392.2;

k.   Operated a commercial motor vehicle when he was not qualified to do so in violation of Federal Motor Carrier Safety Regulation 49 C.F.R. 391.11; and

l.   Operated a commercial motor vehicle when he was not medically certified and physically qualified to do so, in violation of Federal Motor Carrier Safety Regulation 49 C.F.R. 391.41.

20.   That as a direct and proximate result of one or more or all of the foregoing negligent acts, omissions, or violations of the Defendant MERIX EXPEDITED SERVICES, LLC, the Plaintiff ALEX WOMACK was severely injured when he was stuck by his police vehicle, causing Plaintiff to sustain severe and permanent injuries to wit: injuries to the muscles, tendons, ligaments, nerves, soft tissues, vertebrae, joints, and discs of the spine, neck and back;

injuries to his right lower extremity and knee; injuries to his left upper extremity and shoulder; and injuries to his body; that Plaintiff has sustained pain and suffering in the past, and is reasonably certain to experience pain and suffering in the future as a result of said injuries; that Plaintiff has incurred permanent disfigurement and disability resulting from said injuries; that Plaintiff has lost and will continue to lose large sums of money from his usual occupation; that Plaintiff has sustained a permanent impairment of his earning capacity; that Plaintiff has become obligated in the past for medical expenses resulting from her injuries and will be obligated in the future to expend large sums of money for necessary medical care, treatment and services; all to Plaintiff's damages.

WHEREFORE, the Plaintiff ALEX WOMACK prays for judgment against the Defendant MERIX EXPEDITED SERVICES, LLC, in an amount in excess of fifty thousand dollars ($50,000.00); costs of suit; prejudgment and post judgment interest; and all other relief this Court deems just and proper.

## COUNT III
## (ALEX WOMACK – NEGLIGENCE – MERIX EXPEDITED SERVICES, LLC)

21.     Plaintiff realleges and restates paragraphs 1-11 of the General Allegations as if fully stated herein verbatim.

22.     That it was the duty of the Defendant, MERIX EXPEDITED SERVICES, LLC, to exercise reasonable care to hire, train, supervise and retain competent and careful drivers and to promulgate and enforce rules and regulations to ensure its drivers and vehicles were reasonably safe.

23.    That, Defendant MERIX EXPEDITED SERVICES, LLC, negligently and carelessly committed one or more of the following negligent acts or omissions to wit:

     a.    Failed to properly hire, select, train, supervise, and/or retain its drivers, including, but not limited to KYAMRAN MAKHARADZE;

     b.    Allowed to remain on the road unqualified and/or reckless drivers, including, but not limited to KYAMRAN MAKHARADZE;

     c.    Failed to screen and test its drivers periodically to monitor and evaluate their safety orientations of its employees, including, but not limited to KYAMRAN MAKHARADZE;

     d.    Failed to develop, promulgate, adopt, and/or implement safety policies, procedures, and practices for its drivers, including, but not limited to, KYAMRAN MAKHARADZE

     e.    Permitted, allowed, and/or failed to stop its drivers, including, but not limited to, KYAMRAN MAKHARADZE, from violating state and federal statutes and regulations, including, but not limited to, Illinois Vehicle Code and the Federal Motor Carrier Safety Regulations, 49 C.F.R. §§ 40, 350-399;

     f.    Failed to provide periodic systematic safety and/or defensive driving training for its drivers, including, but not limited to, KYAMRAN MAKHARADZE;

     g.    Failed to provide remedial training of its drivers, including, but not limited to, Defendant, KYAMRAN MAKHARADZE; and

     h.    Entrusted its vehicle to KYAMRAN MAKHARADZE.

24.    That as a direct and proximate result of one or more or all of the foregoing negligent acts or omissions of the Defendant MERIX EXPEDITED SERVICES, LLC, the

Plaintiff ALEX WOMACK was severely injured when he was stuck by his police vehicle,

causing Plaintiff to sustain severe and permanent injuries to wit: injuries to the muscles, tendons,

ligaments, nerves, soft tissues, vertebrae, joints, and discs of the spine, neck and back;  injuries to

his right lower extremity and knee; injuries to his left upper extremity and shoulder; and injuries

to his body; that Plaintiff has sustained pain and suffering in the past, and is reasonably certain to

experience pain and suffering in the future as a result of said injuries; that Plaintiff has incurred

permanent disfigurement and disability resulting from said injuries; that Plaintiff has lost and

will continue to lose large sums of money from his usual occupation; that Plaintiff has sustained

a permanent impairment of his earning capacity; that Plaintiff has become obligated in the past

for medical expenses resulting from her injuries and will be obligated in the future to expend

large sums of money for necessary medical care, treatment and services; all to Plaintiff's

damages.

WHEREFORE, the Plaintiff ALEX WOMACK prays for judgment against the

Defendant MERIX EXPEDITED SERVICES, LLC, in an amount in excess of fifty thousand

dollars ($50,000.00); costs of suit; prejudgment and post judgment interest; and all other relief

this Court deems just and proper.


### COUNT IV
### (ALEX WOMACK – NEGLIGENCE – GREAT LAKES TRANSPORT SOLUTION, LLC)

25.     Plaintiff realleges and restates paragraphs 1-11 of the General Allegations as if

fully stated herein verbatim.

26.     That it was the duty of the Defendant, GREAT LAKES TRANSPORT SOLUTION, LLC, to exercise reasonable care to investigate and to hire a reasonably safe motor carrier to haul the shipment in question.

27.     That it was the duty of the Defendant GREAT LAKES TRANSPORT, SOLUTION, LLC to act reasonably in hiring, entrusting, and retaining Defendant MERIX EXPEDITED SERVICES, LLC and its driver to transport cargo in interstate commerce.

28.     That, GREAT LAKES TRANSPORT SOLUTION, LLC, negligently and carelessly committed one or more of the following negligent acts or omissions to wit:

   a.   Failed to properly investigate and hire a reasonably safe motor carrier and driver to transport cargo;

   b.   Arranged for commercial transportation by an unsafe motor carrier and driver;

   c.   Failed to develop, promulgate, adopt, and/or implement safety policies, procedures, and practices for its motor carriers, including, but not limited to, MERIX EXPEDITED SERVICES, LLC.

   d.   Permitted, allowed, and/or failed to stop its motor carriers, including, but not limited to, MERIX EXPEDITED SERVICES, LLC, from violating state and federal statutes and regulations, including, but not limited to, Illinois Vehicle Code and the Federal Motor Carrier Safety Regulations, 49 C.F.R. §§ 40, 350-399;

   e.   Failed to provide periodic systematic safety and/or defensive driving training for its motor carriers and drivers, including, but not limited to, MERIX EXPEDITED SERVICES, LLC;

      f.   Failed to discover MERIX EXPEDITED SERVICES, LLC's inability to operate safely and comply with the duties of an interstate carrier;

      g.   Failed to provide remedial training of its motor carriers and drivers, including, but not limited to, Defendant, MERIX EXPEDITED SERVICES, LLC; and

      h.   Entrusted its commercial shipment to MERIX EXPEDITED SERVICES, LLC.

29.     That as a direct and proximate result of one or more or all of the foregoing negligent acts or omissions of the Defendant GREAT LAKES TRANSPORT SOLUTION, LLC, the Plaintiff ALEX WOMACK was severely injured when he was stuck by his police vehicle, causing Plaintiff to sustain severe and permanent injuries to wit: injuries to the muscles, tendons, ligaments, nerves, soft tissues, vertebrae, joints, and discs of the spine, neck and back;  injuries to his right lower extremity and knee; injuries to his left upper extremity and shoulder; and injuries to his body; that Plaintiff has sustained pain and suffering in the past, and is reasonably certain to experience pain and suffering in the future as a result of said injuries; that Plaintiff has incurred permanent disfigurement and disability resulting from said injuries; that Plaintiff has lost and will continue to lose large sums of money from his usual occupation; that Plaintiff has sustained a permanent impairment of his earning capacity; that Plaintiff has become obligated in the past for medical expenses resulting from her injuries and will be obligated in the future to expend large sums of money for necessary medical care, treatment and services; all to Plaintiff's damages.

WHEREFORE, the Plaintiff ALEX WOMACK prays for judgment against the Defendant GREAT LAKES TRANSPORT SOLUTION, LLC, in an amount in excess of fifty

thousand dollars ($50,000.00); costs of suit; prejudgment and post judgment interest; and all other relief this Court deems just and proper.

**COUNT V**
**(ALEX WOMACK – NEGLIGENCE – GILSTER-MARY LEE CORPORATION)**

30.     Plaintiff realleges and restates paragraphs 1-11 of the General Allegations as if fully stated herein verbatim.

31.     That GILSTER-MARY LEE CORPORATION was an experienced shipper and motor carrier that regularly engaged in the shipping and selection of motor carriers to transport its product.

32.     That it was the duty of the Defendant, GILSTER-MARY LEE CORPORATION, to exercise reasonable care to investigate and to hire a reasonably safe broker and motor carrier to haul the shipment in question.

33.     That it was the duty of the Defendant GILSTER-MARY LEE CORPORATION to act reasonably in hiring, entrusting, and retaining Defendants GREAT LAKES TRANSPORT SOLUTION, LLC and MERIX EXPEDITED SERVICES, LLC and its driver to transport cargo in interstate commerce.

34.     That, GILSTER-MARY LEE CORPORATION, negligently and carelessly committed one or more of the following negligent acts or omissions to wit:

a.   Failed to properly investigate and hire a reasonably safe broker and motor carrier and driver to transport cargo;

b.   Arranged for commercial transportation by an unsafe broker and motor carrier and driver;

c. Failed to develop, promulgate, adopt, and/or implement safety policies, procedures, and practices for its motor carriers, including, but not limited to, Defendants GREAT LAKES TRANSPORT SOLUTION, LLC and MERIX EXPEDITED SERVICES, LLC.

d. Permitted, allowed, and/or failed to stop its brokers and motor carriers, including, but not limited to, Defendants GREAT LAKES TRANSPORT SOLUTION, LLC and MERIX EXPEDITED SERVICES, LLC, from violating state and federal statutes and regulations, including, but not limited to, Illinois Vehicle Code and the Federal Motor Carrier Safety Regulations, 49 C.F.R. §§ 40, 350-399;

e. Failed to provide periodic systematic safety and/or defensive driving training for its motor carriers and drivers, including, but not limited to, Defendants GREAT LAKES TRANSPORT SOLUTION, LLC and MERIX EXPEDITED SERVICES, LLC;

f. Failed to discover Defendants GREAT LAKES TRANSPORT SOLUTION, LLC and MERIX EXPEDITED SERVICES, LLC's inability to operate safely and comply with the duties of an interstate carrier;

g. Failed to provide remedial training of its motor carriers and drivers, including, but not limited to, Defendants GREAT LAKES TRANSPORT SOLUTION, LLC and MERIX EXPEDITED SERVICES, LLC; and

h. Entrusted its commercial shipment to Defendants GREAT LAKES TRANSPORT SOLUTION, LLC and MERIX EXPEDITED SERVICES, LLC.

35.     That as a direct and proximate result of one or more or all of the foregoing negligent acts or omissions of the Defendant GILSTER-MARY LEE CORPORATION, the Plaintiff ALEX WOMACK was severely injured when he was stuck by his police vehicle, causing Plaintiff to sustain severe and permanent injuries to wit: injuries to the muscles, tendons, ligaments, nerves, soft tissues, vertebrae, joints, and discs of the spine, neck and back;  injuries to his right lower extremity and knee; injuries to his left upper extremity and shoulder; and injuries to his body; that Plaintiff has sustained pain and suffering in the past, and is reasonably certain to experience pain and suffering in the future as a result of said injuries; that Plaintiff has incurred permanent disfigurement and disability resulting from said injuries; that Plaintiff has lost and will continue to lose large sums of money from his usual occupation; that Plaintiff has sustained a permanent impairment of his earning capacity; that Plaintiff has become obligated in the past for medical expenses resulting from her injuries and will be obligated in the future to expend large sums of money for necessary medical care, treatment and services; all to Plaintiff's damages.

WHEREFORE, the Plaintiff ALEX WOMACK prays for judgment against the Defendant GILSTER-MARY LEE CORPORATION, in an amount in excess of fifty thousand dollars ($50,000.00); costs of suit; prejudgment and post judgment interest; and all other relief this Court deems just and proper.

## COUNT VI
## (ALEX WOMACK – WILLFUL AND WANTON –KYAMRAN MAKHARADZE)

36.     Plaintiff realleges and restates paragraphs 1-11 of the General Allegations as if fully stated herein verbatim.

37.    That at said time and place, Defendant KYAMRAN MAKHARADZE, willfully and wantonly committed one or more of the following acts or omissions to wit:

      a.    With utter indifference or reckless disregard for the safety of ALEX WOMACK, failed to yield, make a lane change, and/or decrease his speed in violation of 907(c) of the Illinois Vehicle Code, 625 ILCS 5/11-907(c), otherwise known as "Scott's Law".

      b.    With utter indifference or reckless disregard for the safety of ALEX WOMACK, operated his vehicle while under the influence of drugs, intoxicating substances, or compounds in violation of Section 11-501 of the Illinois Vehicle Code, 625 ILCS 5/11-501.

      c.    With utter indifference or reckless disregard for the safety of ALEX WOMACK, operated his vehicle while under the influence of drugs or substances which rendered him incapable of safely operating a motor vehicle, in violation of Federal Motor Carrier Safety Regulation 49 C.F.R. 392.4;

38.    That as a direct and proximate result of one or more or all of the foregoing willful and wanton acts, omissions, or violations by the Defendant KYAMRAN MAKHARADZE, the Plaintiff ALEX WOMACK was severely injured when he was stuck by his police vehicle, causing Plaintiff to sustain severe and permanent injuries to wit: injuries to the muscles, tendons, ligaments, nerves, soft tissues, vertebrae, joints, and discs of the spine, neck and back;  injuries to his right lower extremity and knee; injuries to his left upper extremity and shoulder; and injuries to his body; that Plaintiff has sustained pain and suffering in the past, and is reasonably certain to experience pain and suffering in the future as a result of said injuries; that Plaintiff has incurred permanent disfigurement and disability resulting from said injuries; that Plaintiff has lost and

will continue to lose large sums of money from his usual occupation; that Plaintiff has sustained

a permanent impairment of his earning capacity; that Plaintiff has become obligated in the past

for medical expenses resulting from her injuries and will be obligated in the future to expend

large sums of money for necessary medical care, treatment and services; all to Plaintiff's

damages.

WHEREFORE, the Plaintiff ALEX WOMACK prays for judgment against the

Defendant KYAMRAN MAKHARADZE, in an amount in excess of fifty thousand dollars

($50,000.00); costs of suit; prejudgment and post judgment interest; and all other relief this Court

deems just and proper.

## COUNT VII
## (ALEX WOMACK –WILLFUL AND WANTON – MERIX EXPEDITED SERVICES LLC)

39.     Plaintiff realleges and restates paragraphs 1-11 of the General Allegations as if

fully stated herein verbatim.

40.     That at said time and place, Defendant MERIX EXPEDITED SERVICES, LLC,

by and through its agents and employees, including Defendant KYMARAN MAKHARADZE,

willfully and wantonly committed one or more of the following acts or omissions to wit:

      a.  With utter indifference or reckless disregard for the safety of ALEX

          WOMACK, failed to yield, make a lane change, and/or decrease his speed in

          violation of 907(c) of the Illinois Vehicle Code, 625 ILCS 5/11-907(c),

          otherwise known as "Scott's Law".

      b.  With utter indifference or reckless disregard for the safety of ALEX

          WOMACK, operated his vehicle while under the influence of drugs,

intoxicating substances, or compounds in violation of Section 11-501 of the
Illinois Vehicle Code, 625 ILCS 5/11-501.

c.  With utter indifference or reckless disregard for the safety of ALEX
WOMACK, operated his vehicle while under the influence of drugs or
substances which rendered him incapable of safely operating a motor vehicle,
in violation of Federal Motor Carrier Safety Regulation 49 C.F.R. 392.4;

d.  With utter indifference or reckless disregard for the safety of ALEX
WOMACK, failed to properly hire, select, train, supervise, and/or retain its
drivers, including, but not limited to KYAMRAN MAKHARADZE;

e.  With utter indifference or reckless disregard for the safety of ALEX
WOMACK, allowed to remain on the road unqualified and/or reckless drivers,
including, but not limited to KYAMRAN MAKHARADZE;

f.  With utter indifference or reckless disregard for the safety of ALEX
WOMACK, failed to screen and test its drivers periodically to monitor and
evaluate their safety orientations of its employees, including, but not limited
to KYAMRAN MAKHARADZE; and

g.  With utter indifference or reckless disregard for the safety of ALEX
WOMACK, failed to develop, promulgate, adopt, and/or implement safety
policies, procedures, and practices for its drivers, including, but not limited to,
KYAMRAN MAKHARADZE.

41.  That as a direct and proximate result of one or more or all of the foregoing willful
and wanton acts, omissions, or violations by the Defendant MERIX EXPEDITED SERVICES,
LLC, the Plaintiff ALEX WOMACK was severely injured when he was stuck by his police

vehicle, causing Plaintiff to sustain severe and permanent injuries to wit: injuries to the muscles, tendons, ligaments, nerves, soft tissues, vertebrae, joints, and discs of the spine, neck and back; injuries to his right lower extremity and knee; injuries to his left upper extremity and shoulder; and injuries to his body; that Plaintiff has sustained pain and suffering in the past, and is reasonably certain to experience pain and suffering in the future as a result of said injuries; that Plaintiff has incurred permanent disfigurement and disability resulting from said injuries; that Plaintiff has lost and will continue to lose large sums of money from his usual occupation; that Plaintiff has sustained a permanent impairment of his earning capacity; that Plaintiff has become obligated in the past for medical expenses resulting from her injuries and will be obligated in the future to expend large sums of money for necessary medical care, treatment and services; all to Plaintiff's damages.

WHEREFORE, the Plaintiff ALEX WOMACK prays for judgment against the Defendant MERIX EXPEDITED SERVICES, LLC, in an amount in excess of fifty thousand dollars ($50,000.00); costs of suit; prejudgment and post judgment interest; and all other relief this Court deems just and proper.

## COUNT VIII
## (AMY WOMACK – LOSS OF CONSORITUM – KYAMRAN MAKHARADZE)

42.     Plaintiff realleges and restates each and every allegation as set forth hereinabove, as if fully stated herein verbatim.

43.     That as a direct and proximate result of one or more or all of the foregoing acts, omissions, or violations, Plaintiff AMY WOMACK has been deprived of the love, society, support, companionship, relations, and normally expected and rendered household services and duties performed and rendered by the Plaintiff ALEX WOMACK.

WHEREFORE, the Plaintiff AMY WOMACK prays for judgment against the Defendant KYAMRAN MAKHARADZE, in an amount in excess of fifty thousand dollars ($50,000.00); costs of suit; prejudgment and post judgment interest; and all other relief this Court deems just and proper.

## COUNT IX
### (AMY WOMACK – LOSS OF CONSORITUM – MERIX EXPEDITED SERVICES, LLC)

44.     Plaintiff realleges and restates each and every allegation as set forth hereinabove, as if fully stated herein verbatim.

45.     That as a direct and proximate result of one or more or all of the foregoing acts, omissions, or violations, Plaintiff AMY WOMACK has been deprived of the love, society, support, companionship, relations, and normally expected and rendered household services and duties performed and rendered by the Plaintiff ALEX WOMACK.

WHEREFORE, the Plaintiff AMY WOMACK prays for judgment against the Defendant MERIX EXPEDITED SERVICES, LLC, in an amount in excess of fifty thousand dollars ($50,000.00); costs of suit; prejudgment and post judgment interest; and all other relief this Court deems just and proper.

## COUNT X
### (AMY WOMACK – LOSS OF CONSORITUM – GREAT LAKES TRANSPORT SOLUTION, LLC)

46.     Plaintiff realleges and restates each and every allegation as set forth hereinabove, as if fully stated herein verbatim.

47.     That as a direct and proximate result of one or more or all of the foregoing acts, omissions, or violations, Plaintiff AMY WOMACK has been deprived of the love, society,

support, companionship, relations, and normally expected and rendered household services and duties performed and rendered by the Plaintiff ALEX WOMACK.

WHEREFORE, the Plaintiff AMY WOMACK prays for judgment against the Defendant GREAT LAKES TRANSPORT SOLUTION, LLC, in an amount in excess of fifty thousand dollars ($50,000.00); costs of suit; prejudgment and post judgment interest; and all other relief this Court deems just and proper.

## COUNT XI
## (AMY WOMACK – LOSS OF CONSORITUM – GILSTER-MARY LEE CORPORATION)

48.     Plaintiffs realleges and restates each and every allegation as set forth hereinabove, as if fully stated herein verbatim.

49.     That as a direct and proximate result of one or more or all of the foregoing acts, omissions, or violations, Plaintiff AMY WOMACK has been deprived of the love, society, support, companionship, relations, and normally expected and rendered household services and duties performed and rendered by the Plaintiff ALEX WOMACK.

WHEREFORE, the Plaintiff AMY WOMACK prays for judgment against the Defendant GILSTER-MARY LEE CORPORATION in an amount in excess of fifty thousand dollars ($50,000.00); costs of suit; prejudgment and post judgment interest; and all other relief this Court deems just and proper.

Respectfully submitted,

**THE GORI LAW FIRM. P.C.**

By:  _____
Robert P. Marcus, #6277965
Attorneys for Plaintiffs
156 N. Main Street
Edwardsville, IL  62025
(618) 659-9833
(618) 659-9834 (Fax)
bmarcus@gorilaw.com