IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ALEX WOMACK and AMY WOMACK,<br><br>    Plaintiffs,<br><br>v.<br><br>KYAMRAN MAKHARADZE, MERIX EXPEDITED SERVICES, LLC, GREAT LAKES TRANSPORT SOLUTION, LLC, and GILSTER-MARY LEE CORPORATION,<br><br>    Defendants. | Case No. 3:19-cv-937-NJR-GCS |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Pending before the Court is a Motion to Remand and for Sanctions (Doc. 21) filed by Plaintiffs and a Motion to Dismiss (Doc. 15) filed by Defendant Gilster-Mary Lee Corporation. For the reasons set forth below, the Court grants the Motion to Remand, denies the request for sanctions, and denies the Motion to Dismiss as moot.

On July 25, 2019, Plaintiffs filed a Complaint in Madison County, Illinois, alleging that Alex Womack was working as an Illinois State Trooper and was responding to an accident on U.S. Interstate 55 when Defendant Kyamran Makharadze crashed his Freightliner into the rear of Alex Womack's police vehicle (Doc. 1-1). The impact between the Freightliner and police vehicle propelled the police vehicle into Alex Womack's body, resulting in severe injuries (*Id.*).

In addition to Makharadze, Plaintiffs brought suit against Merix Expedited Services, LLC ("Merix"), the entity that employed Makharadze as a driver (*Id.*). Plaintiffs

also brought suit against Great Lakes Transport Solution, LLC ("Great Lakes"), the entity that acted as a broker and selected Merix as the motor carrier in this instance (*Id.*). Lastly, Plaintiffs brought suit against Gilster-Mary Lee Corporation ("Gilster-Mary Lee"), the company that selected the broker to arrange the shipment of their products (*Id.*).

On August 28, 2019, Defendants removed the case to this United States District Court pursuant to 28 U.S.C. §§ 1332(a), 1441, and 1446 (Doc. 1). Merix filed an Answer to the Complaint on September 5, 2019 (Doc. 6). On September 9, 2019, Great Lakes filed an Answer to the Complaint and affirmative defenses (Doc. 8). Makharadze filed an Answer on September 16, 2019 (Doc. 13). On the same day, Gilster-Mary Lee filed a Motion to Dismiss for Failure to State a Claim regarding Counts V and XI (Doc. 15). After being directed by the Court to amend its jurisdictional allegations (*see* Doc. 11), Great Lakes filed an Amended Notice of Removal on September 27, 2019 (Doc. 18).

On October 16, 2019, Plaintiffs filed a Motion to Remand and for Sanctions on the basis that Gilster-Mary Lee's presence in this case destroys diversity (Doc. 21). Plaintiffs specifically argue that Gilster-Mary Lee has not been fraudulently joined (*Id.*). Great Lakes and Gilster-Mary Lee filed their oppositions to the Motion to Remand on November 18, 2019 (Docs. 29 and 30).

Plaintiffs are citizens of Madison County, Illinois (Doc. 18). Makharadze is a citizen of Missouri (*Id.*). Merix is a Missouri Limited Company whose sole member, Adis Kapic, is a citizen of Missouri. (*Id.*). Great Lakes is a New York Limited Liability Company whose members, Eric Schnirel, Scott Martin, and Brandon Aichinger, are all citizens of New York (*Id.*). Gilster-Mary Lee is a Missouri Corporation with its principal place of business in Illinois, and Defendants allege that this company is fraudulently joined to the litigation

(Docs. 1, 20). Great Lakes has alleged that the amount in controversy exceeds $75,000, exclusive of interest and costs (Doc. 18).

LEGAL STANDARD

Removal is governed by 28 U.S.C. § 1441, which provides, in pertinent part, that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a); *see also Pooter v. Janus Inv. Fund*, 483 F. Supp. 2d 692, 694-95 (S.D. Ill. 2007). In other words, "[a] defendant may remove a case to federal court only if the federal district court would have original subject matter jurisdiction over the action." *Kitson v. Bank of Edwardsville*, No. 06-528, 2006 WL 3392752, at *1 (S.D. Ill. Nov. 22, 2006). Under 28 U.S.C. § 1332, a federal district court has original subject matter jurisdiction over actions involving complete diversity between the parties plus an amount in controversy exceeding $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a)(1); *LM Ins. Corp. v. Spaulding Enters. Inc.*, 533 F.3d 542, 547 (7th Cir. 2008). Complete diversity means that "none of the parties on either side of the litigation may be a citizen of the state of which a party on the other side is a citizen." *Howell v. Tribune Entertainment Co.*, 106 F.3d 215, 217 (7th Cir. 1997) (citations omitted).

The party seeking removal, as the proponent of federal subject matter jurisdiction, has the burden of proof as to the existence of jurisdiction. *See Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 540 (7th Cir. 2006); *see also Anglin v. Bristol-Myers Squibb Co.*, No. 12-60, 2012 WL 1268143, at *1 (S.D. Ill. April 13, 2012). "'Courts should interpret the removal statute narrowly and presume that the plaintiff may choose his or her forum.'

Put another way, there is a strong presumption in favor of remand." *Fuller v. BNSF Ry. Co.*, 472 F. Supp. 2d 1088, 1091 (S.D. Ill. 2007) (quoting *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993)); *Kalbfleisch ex rel. Kalbfleisch v. Columbia Cmty. Unit School Dist. Unit No. 4*, 644 F. Supp. 2d 1084, 1087 (S.D. Ill. 2009). "Doubts concerning removal must be resolved in favor of remand to the state court." *Alsup v. 3-Day Blinds, Inc.*, 435 F. Supp. 2d 838, 841 (S.D. Ill. 2006).

## ANALYSIS

### I. Fraudulent Joinder

Defendants, the parties invoking removal authority, argue that Gilster-Mary Lee's claims are fraudulently joined, meaning the Court has diversity jurisdiction over this case.

The "fraudulent joinder" doctrine prohibits a plaintiff from joining a non-diverse defendant in an action simply to destroy diversity jurisdiction. *Schwartz v. State Farm Mut. Auto. Ins. Co.*, 174 F.3d 875, 878 (7th Cir. 1999); *Gottlieb v. Westin Hotel Co.*, 990 F.2d 323, 327 (7th Cir. 1993). If the removing defendant establishes fraudulent joinder, the district court considering removal may "disregard, for jurisdictional purposes, the citizenship of certain non-diverse defendants, assume jurisdiction over a case, dismiss the non-diverse defendants, and thereby retain jurisdiction." *Schur v. L.A. Weight Loss Centers, Inc.*, 577 F.3d 752, 763 (7th Cir. 2009).

"To establish fraudulent joinder, a removing defendant must show that, after resolving all issues of fact *and law* in favor of the plaintiff, the plaintiff cannot establish a cause of action against the in-state defendant." *Morris v. Nuzzo*, 718 F.3d 660, 666 (7th Cir. 2013). Put differently, the defendant has the "heavy burden" of showing that the

plaintiff's claim has "no chance of success" against the non-diverse defendant. *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 73 (7th Cir. 1992). The Court's role in evaluating allegations of fraudulent joinder is "to determine whether Plaintiff's complaint provides a reasonable basis for predicting that the plaintiff might be able to recover against an in-state defendant . . . not to ascertain the merits of [the] claim." *Asperger v. Shop Vac Corp.*, 524 F. Supp. 2d 1088, 1096 (S.D. Ill. 2007). Even if a state court might ultimately find that a plaintiff has failed to state a claim against a defendant, joinder of the claim is not "fraudulent" for purposes of this court's jurisdiction so long as the issue of state law is subject to reasonable argument on both sides. *See Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 853 (3d Cir. 1992) (if "intricate analysis of state law" is needed to dismiss claim, the claim may not be disregarded for purposes of diversity jurisdiction).

Defendants have simply not cited any controlling case law establishing that Plaintiffs have no chance of success on their negligence claim against Gilster-Mary Lee. Although Great Lakes and Gilster-Mary Lee argue at length that Plaintiffs cannot establish a claim of negligent hiring against Gilster-Mary Lee (Docs. 29, 30), the Court does not take such a narrow view of Plaintiffs' complaint. Resolving all issues of fact and law in favor of Plaintiffs, and recognizing that any doubt as to removal must be resolved in favor of remand, the Court finds that Gilster-Mary Lee, an Illinois citizen, was not fraudulently joined. Because the parties are not diverse, this Court lacks subject matter jurisdiction.

## II.     Sanctions

Within their motion to remand, Plaintiffs request costs and attorney fees. When remanding an action to state court, a district court may require defendants to pay just

costs and actual expenses that a plaintiff has incurred as a result of improper removal. 28 U.S.C. § 1447(c). An award of costs and fees under § 1447(c) is appropriate where the removing party lacked an "objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). "In the Seventh Circuit a removal is objectively unreasonable so as to warrant an award under Section 1447(c) only if the removal violates Seventh Circuit law as that law has been established by the decisions of the United States Court of Appeals for the Seventh Circuit and the Supreme Court of the United States." *Loellke*, 2012 WL 253373, at *2 (citing *Lott v. Pfizer, Inc.*, 492 F.3d 789, 793– 94 (7th Cir. 2007)).

The Court concludes that Defendants' attempt to remove this action was not objectively unreasonable. Defendants supported its removal with specific reasoning and did not contradict binding authority. Accordingly, the Court denies Plaintiffs' request for attorney fees and costs.

## Conclusion

For these reasons, the Motion to Remand filed by Plaintiffs Alex and Amy Womack (Doc. 21) is **GRANTED**. This action is **REMANDED** to the Third Judicial Circuit Court of Madison County, Illinois, for lack of subject matter jurisdiction. Defendants' Motion to Dismiss Counts V and XI (Doc. 15) is **DENIED** as moot. Plaintiffs' request for Sanctions is **DENIED**.

**IT IS SO ORDERED.**

**DATED: February 7, 2020**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**